[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO REARGUE
On March 29, 1996, the court issued a Memorandum of Decision in response to the defendant's Motion for Modification of Judgment dated September 13, 1995.[1] Through that memorandum of decision, the court entered certain orders affecting the plaintiff's obligation to pay alimony to the defendant. Thereafter, under date of April 18, 1996, the plaintiff returned to court and moved for permission to present reargument on specific issues. The plaintiff also asked the court to clarify its findings (1) concerning the defendant's earning capacity relating to employment during the summer months, and (2) the parties' "comparative work schedules and work loads." Plaintiff's Motion to Reargue, dated April 18, 1996, p. 2. Upon hearing, the court granted the plaintiff's motion to reargue the subject of federal income tax ramifications relating to the parties' earned income, alimony payments and receipt, and obligations associated with the defendant's real estate mortgage status.[2] The court also consented to address, in writing, those factual issues for which the plaintiff sought clarification.
In its Memorandum of Decision, the court recorded a number of factual findings relating to the parties' past and current employment and their present earned income.[3] With regard to the plaintiff's first request for clarification, the court noted that the defendant is now employed as a secretary working 40 weeks per year, 35 hours per week, for her local board of education; the court also noted that the defendant was able to obtain similar employment during the summer months. In reaching its decision in this matter, the court thus acknowledged that the defendant had the capacity to work as a secretary 52 weeks per year, 35 hours per week. The evidence established that the defendant received weekly gross wages of $415.00 from her CT Page 5578-A secretarial work.[4] The court used these facts as a basis for its determination that the defendant had the capacity to earn a total of approximately $21,580.00 in gross weekly wages per year, working 35 hours per week for 52 weeks per year ($415.00 x 52 weeks = $21,580.00). See Memorandum of Decision, p. 4-5.
As to the plaintiff's second request for clarification, the court clearly noted the disparity between the plaintiff's advanced educational degrees and the defendant's limited education. The court noted, as well, that the plaintiff's current employment provides him with the opportunity for international travel and other career-enhancing experiences and professional contacts. The court noted, and considered, the stress sustained by the plaintiff during his long, albeit fruitful, work hours. See Memorandum of Decision, p. 4. The defendant's occupation, on the other hand. confines her to work within her town of residence, without the sophisticated and cosmopolitan opportunities and life-experiences available to the plaintiff. See Memorandum of Decision, p. 4-5. The court used these facts in reaching its determination as to the appropriate scope and nature of alimony to be awarded to the defendant pursuant to the guidelines established by § 46b-82 of the Connecticut General Statutes.
WHEREFORE, the court having responded to the plaintiff's requests for clarification, the parties are directed to notify the court when they are prepared to present evidence and documentation concerning the implication of federal tax law upon this matter.
BY THE COURT,
N. Rubinow, J.